CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

NOV 25 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 5:02CR30064 |
| v. | 2255 MEMORANDUM OPINION |
| DAVID ALLEN DAY. | By: Hon. James C. Turk<br>Senior United States District Judge |

Defendant/petitioner David Allen Day, a federal inmate proceeding pro se, has submitted to the court a pleading that he styles as "Defendants AUDITA QUERELA petition under the ALL WRITS ACT." Because Day's allegations clearly do not entitle him to relief under the cited authority and because he is, in actuality, seeking to demonstrate that his sentence is illegal as imposed, the court construed his submission as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.[1] Upon review of the record, the court concludes that the action must be dismissed as successive.

I

Charged in 2002 with conspiracy to distribute methamphetamine and other related offenses, Day engaged attorney Walter Green to represent him.[2] Green allegedly advised Day that he should not accept any plea offers that involved cooperation with law enforcement officials, but should

---

[1] The court is not required to give Day notice of this construction of his pleading under United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir.2002), because this action was not his first § 2255 motion.

[2] In its opinion addressing Day's previous § 2255 motion concerning this same conviction and sentence, the court described in some detail Day's criminal proceedings and his allegations concerning Attorney Green's interference with Day's ability to benefit from the advice of later counsel appointed for him by the court. See Day v. United States, Civil Action No. 7:07CV00376 (W.D. Va. 2007).

1

instead proceed to trial. The court later found that Green had conflicts of interest, dismissed Green from Day's case, and appointed other counsel for the defendant. Day, however, continued to seek and follow Green's advice and rejected plea agreements that his counsel negotiated on his behalf. After a two-day jury trial in April 2004, Day was convicted on all counts. The court sentenced him to serve 481 months imprisonment. Day appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in May 2006.

Day, through counsel, then filed his first § 2255 motion, which the court docketed as Civil Action No. 7:07CV00376. The court found no merit to Day's § 2255 claims that Green provided ineffective assistance before, during, and after the trial proceedings, because the court removed Green as counsel more than a year before trial and Day failed to demonstrate that he did not receive competent advice from other attorneys whom the court appointed to represent Day after Green's removal. See Strickland v. Washington, 466 U.S. 668, 685 (1984); Holloway v. Arkansas, 435 U.S. 475, 485 (1978). The court also found that Day failed to demonstrate any actual conflict of interest on Green's part that adversely affected the adequacy of Day's representation at trial. Cuyler v. Sullivan, 446 U.S. 335, 349 (1980). See also United States v. Martini, 31 F.3d 781, 782 (9th Cir. 1994) (finding that constitutional right to effective assistance of counsel is not the "right to receive good advice [or conflict-free advice] from every lawyer a criminal defendant consults about his case").

In his current petition, Day argues: (1) counsel Green provided ineffective assistance; (2) his sentence is disparate from the sentences imposed on his co-defendants who negotiated plea agreements; (3) he is entitled to be resentenced under United States v. Booker, 543 U.S. 220 (2005); (4) the facts of his case do not support his two convictions for possession of a firearm in furtherance

2

of a drug trafficking crime, pursuant to 18 U.S.C. § 924(c); and (5) he should be resentenced because the court expressed concern at sentencing that the guidelines mandated sentence was too harsh.

II

To the extent that the writ of audita querela still exists in the criminal context through the authority of the All Writs Act, 28 U.S.C. § 1651, Day cannot obtain the relief he desires through such a writ. The writ of audita querela is used to challenge "a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition." United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). The remedy is not available, however, to address claims for which other remedies exist, such as a motion to vacate sentence under 28 U.S.C.A. § 2255. Id.; United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2000) ("We agree with our sister circuits that a federal prisoner may not challenge a conviction or a sentence by way of a petition for a writ of audita querela when that challenge is cognizable under § 2255."); United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992) (explaining that audita querela may "not be invoked by a defendant challenging the legality of his sentence who could otherwise raise that challenge under 28 U.S.C.A § 2255"). The fact that a particular prisoner was or would be unable to obtain relief under § 2255 for whatever reason does not render § 2255 an inadequate or ineffective remedy so as to open the door to an extraordinary writ under § 1651. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (finding that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision); Valdez-Pacheco, 237 F.3d at 1080.

All of Day's current claims were legally and factually available to him and could have been raised or were actually raised in his previous § 2255 action, Civil Action No. 7:07CV00376. He now offers some additional case law in support of his claims, but does not demonstrate any respect in

3

which § 2255 was an inadequate remedy in his case as to these claims. Indeed, the majority of the cases on which he relies, including the Booker decision, was available to him at the time he filed the previous § 2255 motion. He is merely attempting to make an end run around the prohibition against successive motions found in § 2255(h) by giving his pleading an exotic title, and the court finds no legal ground on which he may do so. Because the claims in his current petition are cognizable under § 2255, he may not couch them under the heading of "audita querela," and the court will address them as what they are---successive § 2255 claims.

III

As stated, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. § 2255(h). As Day has had his bite at the § 2255 apple and has not submitted any evidence of having obtained certification from the Fourth Circuit to file this second § 2255 motion, the court must dismiss the action without prejudice as successive. An appropriate order will issue this day.

Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the United States Court of Appeals for the Fourth Circuit, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A United States Court of Appeals for the Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the United States Court of Appeals for the

4

Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 25th day of November, 2008.

/s/ James C. Turk
Senior United States District Judge