CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 21 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:02CR30064 |
| | ) | (CASE NO. 5:15CV80804) |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| DAVID ALLEN DAY, | ) | By: Hon. Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

David Allen Day, a federal inmate proceeding pro se, has submitted a pleading that he titles: "MOTION TO RE-OPEN AND RE-URGE MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE BY A FEDERAL PRISONER UNDER 28 U.S.C. § 2255" (ECF No. 212). Day contends that the court should reopen his original § 2255 motion to allow him to reargue claims of ineffective assistance of counsel and offer more recent court decisions in support. After review of the record in this case and Day's current submission, the court concludes that his motion must be denied as meritless, and construed and dismissed as a successive § 2255 motion.[1]

After a two-day jury trial in April 2004, Day was convicted of conspiracy to distribute methamphetamine and related offenses. The court sentenced Day to serve 481 months in prison, and his appeal was unsuccessful. Then, Day, through counsel, filed his first § 2255 motion, docketed as Case No. 7:07CV00376. The court denied relief, finding no merit to Day's claims that trial counsel had provided ineffective assistance before, during and after the trial. Day's appeal of this judgment was unsuccessful.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that defendant is not entitled to relief.

Because Day raises new or different claims challenging his conviction and does not demonstrate any defect in the integrity of the initial § 2255 proceedings, he fails to present viable grounds for a motion to reconsider or reopen those proceedings. Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005). Rather, his current motion is properly considered and dismissed as a successive § 2255 motion. Id.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. See 28 U.S.C. § 2255(h). Day offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion. Therefore, the court will summarily dismiss his current motion without prejudice as successive. A separate order will be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 21st day of April, 2015.

_____
Chief United States District Judge