IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:02-cr-30064 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| DAVID ALLEN DAY | ) | United States District Judge |

**MEMORANDUM OPINION**

Defendant David Allen Day, represented by counsel, filed a motion for compassionate release pursuant to the First Step Act. (Dkt. No. 230.) The court held a hearing on Day's motion on July 26, 2021. (Dkt. No. 242.) The court will grant Day's motion for the reasons stated below.

I. BACKGROUND

Day was sentenced in 2004 to a term of 481 months (40 years), based on his involvement in a drug trafficking conspiracy. Day has served 17 years of his sentence, and his projected release is in 2038, when he will be 79 years old.

After a trial, Day was convicted of two counts of drug trafficking, one count of conspiracy, two 18 U.S.C. § 924(c) counts and one count of firearm possession in violation of 18 U.S.C. § 922(g). Day's sentence was the result of consecutive terms of imprisonment totaling 30 years on the two § 924(c) counts, which ran consecutive to the concurrent sentences imposed on the drug trafficking and § 922(g) convictions. At the time, the government could invoke the 25-year enhanced mandatory consecutive sentence for "second or successive" § 924(c) convictions in the same case that the first such conviction is obtained. This provision has since been amended, allowing the sentence enhancement only after a truly "subsequent" conviction.

At sentencing, Judge James Turk lamented the length of Day's sentence. After calculating the total sentence as 481 months, Judge Turk stated that the sentence was "much too much for the crime that [he] committed." (Sentencing Tr. 28, Dkt. No. 237.)

II.  ANALYSIS

A.  Compassionate Release Under the First Step Act

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

In addition to satisfying the above, the reduction must be "consistent with [the] applicable policy statement issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). Therefore, a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* "The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a

judge who strikes of on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive." *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020).

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

## B. Exhaustion

As noted above, while the First Step Act changed § 3582(c)(1)(A) to allow a prisoner to bring a motion on his or her own behalf, the statute still includes an exhaustion requirement. More than thirty days have passed since Day made a request for a sentence reduction at his BOP facility, and the government does not contest exhaustion. Therefore, the court finds that Day has exhausted his administrative remedies. *See, e.g.*, *United States v. Allen*, Criminal No. RDB-14-0411, 2020 WL 3868999, at *2 (D. Md. July 9, 2020) (finding exhaustion requirement satisfied where thirty days have expired since submission of administrative request).

## C. Extraordinary and Compelling Reasons

The Fourth Circuit has held that defendants in the same situation as Day—given stacked § 924(c) sentences, resulting in prison terms far longer than what they would receive if sentenced today—are eligible for compassionate release under the First Step Act. *United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020) ("We see no error in [the district courts'] reliance on the length of the defendants' sentences, and the dramatic degree to which they exceed what

Congress now deems appropriate, in finding 'extraordinary and compelling reasons' for potential sentence reductions."). Like *McCoy*, several circuit courts have held that U.S.S.G. § 1B1.13, which among other things bars courts from releasing any incarcerated defendant unless the court finds that he is not a danger to the safety of any other person or to the community, is not applicable to defendant-filed motions for compassionate release under the First Step Act. *See United States v. Long*, 997 F.3d 342, 355 (D.C. Cir. 2021) (citing *United States v. Brooker*, 976 F.3d 228, 235 (2d Cir. 2020); *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *United States v. Jones*, 980 F.3d 1098, 1109–1111 (6th Cir. 2020); *Gunn*, 980 F.3d at 1180–81; *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021); *United States v. McGee*, 992 F.3d 1035, 1050 (10th Cir. 2021)); *but see United States v. Bryant*, 996 F.3d 1243, 1247–66 (11th Cir. 2021). Pursuant to *McCoy*, courts in the Fourth Circuit are empowered to consider any extraordinary and compelling reason for release that a defendant might raise, as there is no applicable policy statement governing such motions. 981 F.3d at 281–82.

The government reserves its argument that *McCoy* was wrongly decided. Even if the court may consider changes in sentencing law, the government argues that non-retroactive changes to § 924(c) sentencing law do not amount to a per se extraordinary and compelling basis for granting compassionate release. If Day's specific circumstances amount to extraordinary and compelling circumstances pursuant to *McCoy*, the government requests a revised sentence of 240–290 months.

The court finds, as many courts have concluded, that the lengthy sentence given to Day, compared to what Day would receive if sentenced today, is an extraordinary and compelling reason to grant his motion for relief under the First Step Act. *See, e.g.*, *United States v. Maumau*, 993 F.3d 821, 838 (10th Cir. 2021) (affirming a finding of extraordinary and compelling reasons

based on "the incredible length of [defendant's] stacked mandatory sentences under § 924(c)" and that defendant, "if sentenced today, . . . would not be subject to such a long term of imprisonment"). In this context, the court finds it compelling that Day's 40-year prison sentence is longer than the average federal sentence for murder. *See United States v. Decator*, 452 F. Supp. 3d 320, 326 n.9 (D. Md. 2020) (citing Sentencing Commission statistics showing that "for fiscal year 2018, the national average sentence for murder was 291 months, and the Fourth Circuit average was 326 months").

The court also notes that several defendants in this judicial district have been granted relief from "stacked" § 924(c) sentences. *See, e.g.*, *United States v. Arey*, 461 F. Supp. 3d 343, 350 (W.D. Va. 2020); *United States v. Merica*, No. 5:04-cr-15, Dkt. No. 267 (W.D. Va. Feb. 8, 2021); *United States v. Reynolds*, No. 1:03CR00116-002, 2021 WL 2010457, at *1 (W.D. Va. May 20, 2021); *United States v. Woods*, No. 5:03-cr-30054, 2021 WL 1572562, at *4 (W.D. Va. Apr. 21, 2021); *United States v. Barton*, No. 1:02-CR-80-001, 2021 WL 237692, at *3 (W.D. Va. Jan. 25, 2021); *United States v. Steppe*, No. 3:16-CR-00022, Dkt. No. 328 (W.D. Va. Apr. 20, 2021); *United States v. Williams*, No. 5:12-cr-14, 2020 WL 5834673, at *8 (W.D. Va. Sept. 30, 2020); *United States v. Trice*, No. 7:13CR00034-001, 2021 WL 402462, at *3 (W.D. Va. Feb. 3, 2021). Thus, failure to reduce Day's sentence would create an unwarranted sentencing disparity with these similarly situated defendants.

In sum, while Day's offenses were serious, they are not so serious to justify what amounts to a life sentence, a reality now recognized by Congress. This, combined with the need to avoid unwarranted sentencing disparities, demonstrates to the court that extraordinary and compelling reasons justify a lowered sentence for Day.

**D.  Section 3553(a) Factors**

The relevant § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  The court considers these factors holistically, and no one factor is dispositive.  *United States v. Kibble*, No. 20-7009, 2021 WL 1216543, at *4 (4th Cir. April 1, 2021).

Day used his time in prison for rehabilitation.  He demonstrated good behavior and has no disciplinary infractions during his 17 years in prison.  Including good time credit, Day has likely served longer than the aggregated mandatory sentence he would receive today.  Day was a drug user at the time of his offenses, but he completed drug education and intervention programs.  Day's plan is to live with his sister in Bridgewater, Virginia, with whom he is extremely close.  Day has ties to the Church of the Nazarene in Bridgewater, and he also has offers of employment as a mechanic.  Finally, Day is 62 years of age with a Criminal History Category is I, which is a combination that shows the lowest possible risk of recidivism.  *See* United States Sentencing Commission*, The Effects of Aging on Recidivism Among Federal Offenders*, December 2017.[1]

Based on the court's analysis of these factors, the court finds that Day's sentence should be reduced to 240 months imprisonment.[2]

---

[1] *See* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf ("For offenders in Criminal History Category I, the rearrest rate ranged from 53.0 percent for offenders younger than age 30 at the time of release to 11.3 percent for offenders age 60 or older.").

[2] Considering good time credit, Day has likely served 240 months.

## III.  CONCLUSION

Based on the foregoing, the court will grant Day's motion for compassionate release. The court will issue an appropriate order.

Entered: July 26, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge